UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY T. JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RED ROCK CREDIT SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 22-cv-04471-AGT<br><br>**ORDER RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

    Kelly T. Jackson has moved for default judgment against Red Rock Credit Solutions, LLC. Her motion is denied without prejudice to filing a renewed motion that addresses the following issues:

    1. Personal Jurisdiction

    Before entering default judgment, the district court must confirm that it has personal and subject-matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "A judgment entered without personal jurisdiction over the parties is void." *Id.* "It is the plaintiff's burden to establish jurisdiction." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).

    Jackson has not established that this Court has personal jurisdiction over Red Rock. According to the complaint, Red Rock is a Nevada LLC with its principal place of business in Tulalip, Washington. *See* Dkt. 1, Compl. ¶ 5. For a federal court to exercise personal jurisdiction over a nonresident defendant, that defendant must have sufficient "minimum contacts" with the forum state "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted). "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all

purposes"—which Jackson does not come close to showing here—"a forum may exercise only 'specific' jurisdiction" over the defendant. *Menken v. Emm*, 503 F.3d 1050, 1056–57 (9th Cir. 2007).

"There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (alterations and citation omitted). The plaintiff bears the burden on the first two prongs. *Id.*

Neither Jackson's complaint nor her motion for default judgment articulates a basis for exercising specific jurisdiction over Red Rock. For claims sounding in tort, like Jackson's claim for violation of the Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 *et seq.*, the "purposeful direction" test applies. *Id.* at 1069. Under that test, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (citation omitted). Jackson's complaint does not even mention personal jurisdiction and it is otherwise devoid of any factual allegations demonstrating that Red Rock "purposefully directed" its activities at California. Jackson's motion for default judgment likewise fails to address the applicable specific jurisdiction framework, and instead simply asserts that "the court has personal jurisdiction in this matter as Plaintiff resides in Northern District of California and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of California, pursuant to 28 U.S.C. § 1391."[1] Dkt. 18 at 4. The mere fact that Jackson resides in California is plainly insufficient to establish specific jurisdiction over Red Rock, as "the personal jurisdiction

---

[1] Jackson appears to be confusing the issue of personal jurisdiction (i.e., the court's power to exercise control over the parties) with the separate issue of venue (i.e., the place where a case should be heard). *See S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[T]he question of whether the court can exercise personal jurisdiction over a party is distinct from the question of whether venue will properly lie in the court exercising jurisdiction.").

analysis focuses on the defendant's, not the plaintiff's, contacts with the forum." *Cisco Sys. Inc. v. Link US, LLC*, 2019 WL 6682838, at *5 (N.D. Cal. Dec. 6, 2019); *see also Axiom*, 874 F.3d at 1070 (reiterating that a court "must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum") (citation omitted). And Jackson's vague assertion that "a substantial portion of the events or omissions giving rise to [her] claims occurred within the Northern District of California" is insufficient for the same reason.

2. Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation omitted). "Plaintiffs who seek damages as part of a default judgment bear the burden of 'proving up' their damages through testimony or written affidavit." *Finisar Corp. v. Gigalight (USA) Corp.*, 2018 WL 8264089, at *4 (N.D. Cal. Nov. 15, 2018); *see Bostik, Inc. v. J.E. Higgins Lumber Co.*, 2013 WL 312074, at *4 (N.D. Cal. Jan. 10, 2013) (explaining that on default judgment, "a plaintiff must 'prove up' the amount of damages, fees, and costs it requests by providing admissible evidence in the form of clear declarations, calculations, witness testimony, or other documentation supporting its request").

In her motion for default judgment, Jackson seeks $997.00 in actual damages pursuant to 15 U.S.C. § 1679g(a)(1) and Cal. Civ. Code § 1789.21(a), *see* Dkt. 18 at 7, but she offers no declaration or other evidence to substantiate the claimed amount. In other words, Jackson has failed to "prove up" her alleged damages.

3. Attorney's Fees and Costs

In her current motion, Jackson also "seeks $5,415.00 in reasonable attorney fees and costs pursuant to 15 U.S.C. § 1679g(a)(3) and Cal. Civ. Code § 1789.21(a)." *Id.* But the billing chart submitted in support of that request reflects that the "grand total" of fees and costs is $3,886.50. *See* Dkt. 18-1 at 2–3 (listing total of $3,243.75 in attorney's fees and total of $642.75 in costs); *see also* Dkt. 18-2, Walker Decl. ¶ 6 (stating that "Plaintiff seeks reasonable costs and attorney fees of $3,886.50"). Moreover, Jackson offers no evidence to support the requested billing rates for the

unidentified "Attorney," "Paralegal," and "Staff" whose time is included in the billing chart. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). To the extent Jackson seeks attorney's fees and costs in a renewed motion for default judgment, she must submit supporting evidence detailing, among other things, the justification for the requested billing rates. The billing chart and itemization of costs should also be accompanied by an attorney declaration. And Jackson must explain why she is entitled to recover attorney's fees for time spent drafting and filing the arbitration demand referenced in the second and third entries of the billing chart. *See* Dkt. 18-1 at 1.

* * *

Jackson's motion for default judgment is denied without prejudice to filing a renewed motion that addresses the issues discussed above. The renewed motion is due by October 2, 2023.

**IT IS SO ORDERED.**

Dated: August 30, 2023

ALEX G. TSE
United States Magistrate Judge